DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CLARENCE F. STEPHENSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-291

[July 12, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Caroline C. Shepherd, Judge; L.T. Case No. 50-2019-CF-005431-AXXXX-MB.

Carey Haughwout, Public Defender, and Cynthia L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jonathan P. Picard, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We affirm appellant's convictions and sentences for various counts of possession and trafficking in several different drugs. Appellant contends that the trial court erred in denying his motion to suppress the evidence and statements obtained during the traffic stop which led to the discovery of drugs. We find competent substantial evidence to support the trial court's conclusions that the stop was valid, the officer observed a container containing illicit drugs in plain view after approaching the vehicle, and appellant's incriminating statements were obtained after he was read his *Miranda* rights. While one admission was obtained before appellant was read his *Miranda* rights, its introduction into evidence was harmless error.

Appellant also claims that he was unconstitutionally tried by a six-member jury instead of a twelve-member jury. We have previously rejected this argument in *Guzman v. State*, 350 So. 3d 72, 73 (Fla. 4th DCA 2022), *rev. denied*, No. SC22-1597, 2023 WL 3830251 (Fla. June 6, 2023). We likewise reject the claim in this case.

Additionally, Appellant challenges the $210,000 in mandatory statutory fines assessed against him as unconstitutionally excessive.[1] We conclude that the fines are not unconstitutional. *See Gordon v. State*, 139 So. 3d 958, 964 (Fla. 2d DCA 2014). We do agree with appellant's claim that the order assessing costs and fines incorrectly lists $52,500 as a discretionary fine when this was a mandatory fine. We remand for the trial court to correct this scrivener's error. *See Bryant v. State*, 301 So. 3d 352, 353 (Fla. 2d DCA 2020). Appellant need not be present for the correction. *Id.*

*Affirmed, but remanded to correct a scrivener's error in sentence.*

WARNER, MAY and GERBER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] *See* § 893.135(1)(f)1.a., Fla. Stat. (2018) (a person who traffics between fourteen and twenty-eight grams of amphetamines "shall be ordered to pay a fine of $50,000"); § 893.135(1)(k)2.a., Fla. Stat. (2018) (a person who traffics between ten and two-hundred grams of phenethylamines "shall be ordered to pay a fine of $50,000"); § 893.135(1)(c)1.b., Fla. Stat. (2018) (a person who traffics between fourteen and twenty-eight grams of morphine "shall be ordered to pay a fine of $100,000"); and § 938.04, Fla. Stat. (2018) ("In addition to any fine for any criminal offense prescribed by law, including a criminal traffic offense . . . there is hereby established and created as a court cost an additional 5-percent surcharge thereon which shall be imposed[.]")